IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAY 11 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Criminal No. 4:06CR00008 |
| CESAR HUERTA CANTU | : |

### PRELIMINARY ORDER OF FORFEITURE

WHEREAS the United States sought forfeiture of any assets of the defendant which were used to facilitate and/or constitute proceeds of a violation of 21 U.S.C. §§ 841(a)(1) and 846, as set forth in Count Nineteen of the Indictment;

AND WHEREAS Defendant pled guilty to Count One of the Indictment, the criminal violation giving rise to the forfeiture, conspiracy to possess with intent to distribute and to distribute 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, and to possess with intent to distribute and to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and further agreed to settle and compromise the forfeiture;

**WHEREFORE IT IS HEREBY ORDERED** pursuant to rule 32.2 of the Federal Rules of Criminal Procedure that:

1. Based upon the Indictment filed herein, the guilty plea of Defendant, and the evidence of record, the interest of Defendant Cesar Huerta Cantu, a/k/a Ceasar Cantu, in the following described assets is hereby forfeited to the United States pursuant to 21 U.S.C. § 853 as these assets represent

proceeds defendant obtained directly or indirectly as a result of said violations and/or were used to facilitate a violation thereof[1]:

    **(a)** Sony 42" plasma television, Model PDM-4200, Serial No. 2102872

    **(b)** Beretta .32 caliber semi-automatic, serial number DAA326636

    **(c)** $4,378 seized at 118 Pineview Drive, Houston, Texas

    **(d)** HP Pavilion zt 1135 Laptop Computer, serial no. TW21405663

    **(e)** Rolex Submariner Watch

    **(f)** 2002 Chevrolet Corvette, VIN No. 1G1YY22G625122183

**2.** The following property is hereby forfeited to the United States pursuant to 21 U.S.C. 853 as these properties represent proceeds of a violation of 21 U.S.C. §§ 841(a)(1) and 846 and/or were used or intended to be used to facilitate a violation thereof:

    **(a) Property Address: 7144 Avenue E, Houston, Tx (a/ka/405 72nd Street, Houston, TX )**
    **Harris County Appraiser's No. 0251230000045**
    **Real Property Records No. 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**

All that certain property lying and being situated in Harris County, Texas, more particularly described as Lots Forty-Five (45), Forty-Six (46), Forty-Seven (47) and Forty-Eight (48) in block Thirty (30), Magnolia Park, an addition in Harris County, Texas.

BEING the same property conveyed to Cesar H. Cantu from Agapito B. Cantu and Alicia H. Cantu, husband and wife, by Deed dated January 21, 1991, and recorded in the Official Public Records of Real Property of Harris County, Texas, as Instrument No. 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.

---

[1] For clarity, it is noted that the following assets have been forfeited via parallel administrative forfeiture proceedings conducted by the Drug Enforcement Administration: 2003 Jeep Wrangler, VIN 1JFA69S83; 2002 Harley Davidson motorcycle, VIN 1HD1JBB142Y010620; 2000 Kawasaki motorcycle, VIN JKAZX4J11YA016418.

2

**(b) Property Address: 755 18th Street, Houston, TX  77008
Harris County Appraiser's No.0542930000015**

All that certain property, any and all appurtenances thereto and any proceeds therefrom, located at 755 E. 18th Street, Houston, Texas 77008 and further described as Lot 21, Block 1, Pinelawn.

BEING the same property held in the names of Haydee GARCIA and Cesar CANTU as reflected in the Harris County Appraisal District Office and further identified as Account No. 0542930000015.

**(c) Property Address: 118 Pineview Drive, Houston, TX  77012
Harris County Appraiser's No.0530510000009**

All that certain property, any and all appurtenances thereto and any proceeds therefrom, located at 118 Pineview Place, Houston, TX, further described as Lot 9, Block 1, Pineview Place.

BEING the same property conveyed to Ceasar Cantu and wife, Haydee Garcia via General Warranty Deed dated December 17, 2003, from Jose Balboa and wife, Elizabeth M. Balboa.

3. The United States is hereby authorized to seize the forfeited property and it shall be disposed of in accordance with law, subject to the provisions of 21 U.S.C. § 853(n)(1). No right, title or interest shall exist in Defendant Cantu.

4. The United States and/or its designee shall:

(a) take and maintain custody of the forfeited property;

(b) pursuant to Title 21 U.S.C., § 853(n)(l), cause publication of this order and notice of the United States intent to dispose of the property in such manner as the Attorney General may direct. Said notice shall be published once in a newspaper of general circulation in Houston, Texas. The notice shall state that any person, other than the Defendant, having or claiming a legal interest in any of the forfeited property must file a petition with the court within thirty (30) days of the publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought;

(c) to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Order of Forfeiture, as a substitute for published notice as to those persons so notified;

5. The United States Marshal, at his discretion, shall be accompanied by federal, state, or local law enforcement officers to assist him in the execution of this Order. Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), upon application by the United States of America, the Court shall issue any order necessary to effectuate and prevent the frustration of this Order.

6. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing, or before sentencing if the defendant consents, and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the final order of forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2).

7. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8. The United States shall have clear title to the subject property following the Court's disposition of all third party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), for the filing of third party petitions.

9. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10. The Clerk of this Court shall certify eight copies of this Order to the U.S. Attorney's Office, P.O. Box 1709, Roanoke, VA 24008 and shall forward copies to counsel of record and the U.S. Probation Office.

**Seen and Agreed:**

_____
Anthony P. Giorno, Assistant U.S. Attorney
VSB No. 15830

_____
Cesar Huerta Cantu, Defendant

_____
John Weber, III Counsel for Defendant

ENTERED THIS 11th DAY OF May, 2006.

_____
UNITED STATES DISTRICT JUDGE